IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD CRAVEN** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:06CV545-HSO-JMR |
| | § | |
| **OFFSHORE SPECIALTY** | § | |
| **FABRICATORS, INC.,** *et al.* | § | **DEFENDANTS** |

**ORDER AND REASONS DENYING DEFENDANT CASHMAN
EQUIPMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT
AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE THE
AFFIDAVIT OF JAMES CASHMAN**

BEFORE THE COURT are Defendant Cashman Equipment Corporation's ["CEC"] Motion for Summary Judgment filed November 9, 2007 [76-1], and Plaintiff Richard Craven's ["Plaintiff"] Motion to Strike the Affidavit of James Cashman ["Cashman"], filed December 10, 2007 [88-1], in the above-captioned cause. In opposition to CEC's Motion for Summary Judgment, Plaintiff and Defendant Offshore Specialty Fabricators, Inc. ["OSFI"], both filed a Response [86-1], [90-1], and CEC filed a Rebuttal [93-1], which also contained a Response in opposition to Plaintiff's Motion to Strike. After consideration of the submissions and the relevant legal authorities, the Court finds that CEC's Motion for Summary Judgment [76-1] must be denied on grounds that disputes of material fact exist, and that Plaintiff's Motion to Strike the Affidavit of Cashman [88-1] should be denied as moot.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action on May 30, 2006, by filing his Complaint [1-1] in

this Court, naming as Defendants OSFI and John Does ACB and DEF. Plaintiff twice amended his Complaint. His Second Amended Complaint [31-1] [hereinafter "Complaint"], filed on June 29, 2007, named as Defendants OSFI; CEC; P & I Club, The Steamship Mutual Underwriting Association (Bermuda) Limited ["P & I Club"]; and John Does ABC and DEF. In CEC's Answer and Defenses [13-1], CEC asserted a Cross-Claim against OSFI and a Counterclaim against Plaintiff. In OSFI's Answer and Defenses [23-1], OSFI asserted a Cross-Claim against CEC.

Plaintiff asserts that, at all relevant times, he was a "seaman under the provisions of the Jones Act and General Maritime Law." Compl., at ¶ 1. Plaintiff alleges that, because of Defendants' negligence, on or about December 17, 2003, while employed by the Defendants as a deckhand and member of the crew of the tug E. H. DEMOUY, which was owned and operated by OSFI, he fell through an unmarked open hole in the deck of a dredge owned by CEC, the CONICAL, at a fleeting facility. *See* Compl., at ¶¶ 8, 10; Mem. in Supp. of Mot. for Summ. J., at pp. 1-2; Pl.'s Resp., at pp. 2-4.

Plaintiff contends that this incident occurred on the night of December 17, 2003, while he was in the course and scope of his employment with OSFI. Specifically, Plaintiff alleges that he was assisting in the shifting of barges during the return of a barge owned by CEC, the JMC 300, to a fleeting facility operated by Riverland Services, Inc., where CEC's barges were kept. *See* Pl.'s Resp., at pp. 2-4. The E. H. DEMOUY and the tug MEGAN E. DUPREE, which are both owned by OSFI, were assisting with the delivery of the JMC 300 when Plaintiff's injury

allegedly occurred.  *See* Pl.'s Resp., at p. 2.  Plaintiff maintains that, in order to deliver the JMC 300, OSFI was required to shift other equipment in the fleet, which required him to board the CONICAL, CEC's dredge.  *See* Pl.'s Resp., at p. 3.  The CONICAL was moored with the barges at Riverland.  Plaintiff asserts that it, too, had to be shifted in order to complete the delivery of the JMC 300.  *See* Pl.'s Resp., at p. 3.  CEC denies these claims.

   Plaintiff contends that due to a shadow cast across part of the deck of the unlit dredge from lights on the two OSFI tugboats, and because his headlamp went out while he was aboard the dredge, he did not see, and consequently fell into, an unmarked and uncovered hole on the deck of the CONICAL, the existence of which he was unaware.  *See* Pl.'s Resp., at pp. 3, 6-8.  Plaintiff asserts that it was common and often necessary for people to board the barges in the fleet when a CEC barge was being returned after a charter had been completed, and that OSFI had authority from CEC to board its equipment as necessary to facilitate the delivery of a barge, as in this case.  *See* Pl.'s Resp., at p. 6.  However, CEC contends that at the time Plaintiff allegedly fell, the return of the JMC-300 had been completed, such that the charter of the barge by CEC to OSFI had been fulfilled.  Thus, neither OSFI nor its employees, including Plaintiff, had any reason to be aboard other vessels in the fleeting facility, including the dredge CONICAL.  *See* CEC's Mot., at p. 1.

## II. DISCUSSION

A.   CEC's Motion for Summary Judgment

**1.   Summary Judgment Standard**

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  *See* FED. R. CIV. P. 56.

A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *See id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

**2.   Genuine Questions of Material Fact Preclude Summary Judgment**

CEC contends that summary judgment is appropriate as to Plaintiff's claims against it, on the grounds that CEC owed no duty to Plaintiff since, at the time he allegedly fell, OSFI's obligation to return the JMC-300 had been fulfilled. Therefore, CEC argues that neither OSFI nor its employees had any reasonable basis for being aboard other vessels at the fleeting facility, including the dredge

CONICAL, nor is there any evidence that Cashman requested any shifting of any barges within the fleet.  CEC also contends that the conditions aboard the CONICAL were open and obvious, and that the boarding of the dredge at night by Plaintiff was unforeseeable.  CEC argues in the alternative that any negligence by CEC is foreclosed by the intervening, superseding negligence of Plaintiff in boarding the CONICAL without explanation or authorization.  *See* Mot., at ¶¶ 1-2.

A review of the record, including the parties' submissions in connection with the instant Motion, makes it clear that disputed questions of material fact remain with respect to the issues raised by CEC.  These disputed questions include, but are certainly not limited to, whether the barge JMC 300 had been fully and finally delivered at the time of Plaintiff's injury, whether reasonable care was exercised under the circumstances, and whether there was intervening or superseding negligence on the part of Plaintiff.  There are also disputes regarding the extent to which Plaintiff was authorized to board the CONICAL, if at all.  Finally, there is a dispute surrounding the circumstances of the fall itself, namely whether Plaintiff's headlamp went out before or after he boarded the CONICAL.

Reviewing the evidence presented in the light most favorable to the non-moving parties and resolving all doubt in their respective favor, as the Court must, genuine disputes of material fact exist. As such, summary judgment would not be appropriate.  *See* FED. R. CIV. P. 56.

B.  <u>Plaintiff's Motion to Strike the Affidavit of Cashman</u>

Attached as Exhibit "1" to CEC's Motion for Summary Judgment was the Affidavit of James Cashman [77-2], President of CEC. Plaintiff has moved to strike this Affidavit on the grounds that Cashman does not have personal knowledge of the facts contained in it. *See* Pl.'s Mot. to Strike, ¶ 12.

Federal Rule of Civil Procedure 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. PROC. 56(e). Because the Court has denied CEC's Motion for Summary Judgment without the need to consider Cashman's Affidavit, it is unnecessary to resolve Plaintiff's Motion to Strike. The Court will therefore deny this Motion as moot.

### III. <u>CONCLUSION</u>

The Court has considered the arguments and evidence advanced in support of and in opposition to Defendant CEC's Motion for Summary Judgment, and concludes that material fact questions exist. Based upon the record, the parties' submissions, and the relevant legal authorities, Defendant CEC's Motion for Summary Judgment must be denied. Because the Court finds that Plaintiff's Motion to Strike the Affidavit of James Cashman is now moot, this Motion must also be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

more fully stated herein, Defendant Cashman Equipment Corporation's Motion for Summary Judgment [76-1] should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiff Richard Craven's Motion to Strike the Affidavit of James Cashman [88-1] should be and is hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 28th day of February, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE