IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD CRAVEN** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:06CV545-HSO-JMR |
| | § | In Admiralty |
| | § | |
| **OFFSHORE SPECIALTY** | § | |
| **FABRICATORS, INC.,** *et al.* | § | **DEFENDANTS** |

## ORDER AND REASONS GRANTING PLAINTIFF RICHARD CRAVEN'S *ORE TENUS* MOTION FOR JUDGMENT ON PARTIAL FINDINGS

BEFORE THE COURT is Plaintiff Richard Craven's *Ore Tenus* Motion for Judgment on Partial Findings, pursuant to Federal Rule of Civil Procedure 52(c), which was made at the close of Defendant Cashman Equipment Corporation's ["Cashman"] case in chief at the nonjury trial in this matter on June 18, 2008, seeking dismissal of Cashman's Counterclaim against Plaintiff and of Cashman's Third Defense in its Answer to Seconded Amended Complaint [33-1], for limitation of liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. app. § 183.

After Cashman was fully heard on its case in chief, including on its Counterclaim and limitation of liability defense, the Court carefully considered the testimony, the arguments of counsel, the exhibits and pleadings on file, and the relevant legal authorities. For the reasons stated in the record, and for the supplemental reasons stated herein, the Court is of the opinion that Plaintiff's Motion for Judgment on Partial Findings should be granted.

I.  PARTIAL FINDINGS OF FACT

The Court makes the following partial findings of fact by a preponderance of the credible evidence in the record:

1. Plaintiff was allegedly injured on December 17, 2003, due to the purported negligence of Cashman in maintaining the CONICAL, a former dredge purchased by Cashman prior to the purported accident in question.

2. Cashman purchased the CONICAL after its crane, which made it useful as a dredge, had been removed.

3. Cashman purchased the CONICAL for scrap.

4. Once the CONICAL arrived at the Riverland fleeting facility in Berwick, Louisiana, its tanks were filled with water, either purposefully or through neglect, which caused it to be partially submerged.

5. The bottom of the CONICAL rested very close to, if not on, the bottom of the Atchafalaya River on the inboard side.

6. In its condition at the time of the alleged accident, and for some time before that, the CONICAL was not used, or capable of being used, for maritime transport in any meaningful sense and was rendered practically incapable of transportation or movement.  Plaintiff's own expert testified that it was not capable of any type of commercial use.

7. The CONICAL sat in disrepair, partially submerged, at the Riverland fleeting facility prior to December 17, 2003, and Cashman was not using, could not use, and had no intention of using the CONICAL again for maritime transport, or

for its previous purpose of dredging.

8.   The only repair work performed on the CONICAL by Cashman itself occurred after the alleged accident, when water was pumped out of its tanks in order to scrap it.

9.   Cashman, as a corporation, knew or should have known of the condition of the CONICAL, and specifically of the hole in question on its deck, before the purported accident, through the knowledge of its executive officers, management, employees, or agents. *See In re Hellenic Inc.*, 252 F.3d 391, 394 (5th Cir. 2001) (holding that "[i]f the shipowner is a corporation, knowledge is judged by what the corporation's managing agents knew or should have known with respect to the conditions or actions likely to cause loss," that "a corporation is charged with the privity or knowledge of its employees when they are sufficiently high on the corporate ladder," and that "privity or knowledge is imputed to the corporation when the employee is an executive officer, manager or superintendent whose scope of authority includes supervision over the phase of the business out of which the loss or injury occurred.") (internal quotations omitted); *Coleman v. Jahncke Service, Inc.*, 341 F.2d 956 (5th Cir. 1965); 46 U.S.C. app. § 183(e) (46 U.S.C. § 30506(e)).

## II.  PARTIAL CONCLUSIONS OF LAW

Based on the partial findings of fact detailed above, the Court makes the following partial conclusions of law:

1.   The CONICAL was a "dead ship" and was not a "vessel" for purposes of the Limitation of Shipowner's Liability Act, 46 U.S.C. app. § 183 (46 U.S.C. §

30505). *See Stewart v. Dutra Const. Co.*, 543 U.S. 481, 494 (2005) (*citing* 1 U.S.C. § 3); *Evansville & Bowling Green Packet Co. v. Chero Cola Bottling Co.*, 271 U.S. 19, 22 (1926); *In re Complaint of Bayou Concession Scrap, Inc.*, 2005 U.S. Dist. LEXIS 6219 (E.D. La. March 31, 2005) (holding that a "vessel" that had been acquired for the sole purpose of scrapping it and whose main engines had been removed and whose purchase agreement stated that it would not be rebuilt, refurbished, or re-sold was not a "vessel" for the purposes of the Limitation of Shipowner's Liability Act).

2.  Moreover, even if the CONICAL were a vessel, Cashman did not meet its burden of demonstrating by a preponderance of the evidence a lack of knowledge or privity of the purportedly dangerous condition aboard the CONICAL, the hole in its deck. *See Coleman v. Jahncke Services*, 341 F.2d 956 (5th Cir. 1965).

3.  During oral arguments on Plaintiff's Motion, Cashman withdrew its Counterclaim against Plaintiff. After Cashman was fully heard on this issue during the nonjury trial, the Court is therefore of the opinion that Plaintiff's Motion should be granted as to Cashman's Counterclaim, and that Cashman's Counterclaim against Plaintiff should be dismissed with prejudice, with each party to bear their respective costs.

4.  After Cashman was fully heard on the issue during the nonjury trial, as the Court detailed in its findings of fact and conclusions of law at the nonjury trial in this matter on June 18, 2008, and further herein, the Court is of the opinion that, based on a preponderance of the credible evidence, Cashman did not meet its

burden of establishing that the CONICAL is or was a "vessel" within the meaning of the Limitation of Liability Act.

5.   Moreover, even if the CONICAL were a "vessel" at the relevant times, the Court is of the opinion that, based on a preponderance of the credible evidence and after Cashman was fully heard on this issue during the nonjury trial, Cashman did not meet its burden of proving that it had no knowledge or privity of the alleged conditions of unseaworthiness upon which Plaintiff's suit is based.

6.   Therefore, for the reasons stated herein, in addition to those stated in the record at the conclusion of the nonjury trial on June 18, 2008, the Court is of the opinion that Plaintiff's *Ore Tenus* Motion for Judgment on Partial Findings should be granted.

### III.  CONCLUSION

For the reasons stated herein and on the record at the conclusion of the nonjury trial on June 18, 2008, the Court finds that Plaintiff's Motion for Judgment on Partial Findings, pursuant to Federal Rule of Civil Procedure 52(c), to dismiss Cashman's Counterclaim against Plaintiff, and to strike Cashman's Third Defense in its Answer to Seconded Amended Complaint [33-1], pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. app. § 183, should be granted.  This Order supplements the reasons stated on the record at the conclusion of the nonjury trial. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiff Richard Craven's *Ore Tenus* Motion for Judgment

on Partial Findings made on June 18, 2008, should be and is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Defendant Cashman Equipment Corporation's Third Defense in its Answer to Seconded Amended Complaint [33-1], for limitation of liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. app. § 183, should be and is hereby **STRICKEN**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Defendant Cashman Equipment Corporation's Counterclaim against Plaintiff Richard Craven should be and is hereby **DISMISSED WITH PREJUDICE**, with each party to bear their respective costs.

**SO ORDERED AND ADJUDGED**, this the 19th day of June, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE